Filed 11/30/20  P. v. Ramos CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C086317 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF15078) |
| v. | |
| JOHN RAMOS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Ramos asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After we issued our original decision in this appeal, we granted rehearing and requested supplemental briefing from the parties addressing changes in the law.  Having reviewed the record and the supplemental briefs, we will remand the matter to permit the trial court to determine whether defendant is eligible for pretrial mental

1

health diversion pursuant to Penal Code section 1001.36,[1] which became effective June 27, 2018 (Stats. 2018, ch. 34, § 24).

I

Defendant entered the victim's house in 2015 with the intent to commit theft. The victim contacted law enforcement and defendant was apprehended. Defendant refused to cooperate and fought with the officers, ramming a shopping cart into one of the officers while trying to get away.

A criminal complaint charged defendant with first degree burglary (§ 459 -- count I) and resisting arrest with force or violence (§ 69 -- count II), both felonies. The complaint further alleged defendant had a prior strike conviction for making criminal threats.

Based on two separate mental evaluations of defendant's competency, the trial court declared defendant incompetent to stand trial and committed him to Napa State Hospital. The trial court subsequently received a certification of defendant's mental competency pursuant to section 1372 and reinstated criminal proceedings.

Defendant pleaded no contest to both counts in exchange for his presentence release on his own recognizance pursuant to a *Cruz* waiver.[2] He agreed that if he violated the conditions of his *Cruz* waiver, he would be allowed to withdraw his plea to count II and his plea to count I would become a "straight up" plea, meaning he would be exposed to 2, 4, or 6 years in state prison. The parties stipulated to a factual basis for defendant's plea.

Defendant failed to appear for sentencing. The trial court was informed defendant was in custody in Madera County and had committed two new misdemeanors in Yuba

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247, 1250 (*Cruz*).

2

County.  Finding defendant violated his *Cruz* waiver, the trial court issued a bench warrant for his arrest.

Nearly two years later, defendant admitted he was in violation of his *Cruz* waiver. However, he moved to withdraw his plea claiming his attorney at the time of entry of the plea failed to advise him of the nature and consequences of his *Cruz* waiver, he was not properly educated about the nature and consequences of a *Cruz* waiver while admitted at Napa State Hospital, and he was not in his proper state of mind at the time of entry of the plea due to his medications.

The trial court denied defendant's motion to withdraw his plea.  It reiterated the previous finding that defendant violated his *Cruz* waiver, denied probation, and sentenced defendant as follows:  the upper term of six years on the burglary conviction (count I), to be served concurrent to the time defendant was serving in the Madera County case. The trial court had previously dismissed the prior strike allegation.  The trial court imposed various fines and fees and awarded defendant 479 days of presentence credit (251 actual days plus 228 conduct days).

The trial court granted defendant's request for a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

After we issued our original decision in this appeal, we granted rehearing and requested supplemental briefing from the parties on changes in the law.

## A

We asked the parties to address the applicability of section 1001.36, which authorizes a trial court to grant pretrial diversion -- postponement of prosecution to allow

3

the defendant to undergo mental health treatment -- if the defendant meets specified requirements. (§ 1001.36, subds. (a), (c).) Successful completion of diversion results in the dismissal of the original charges. (§ 1001.36, subd. (e).) Section 1001.36, subdivision (b)(1) identifies the pertinent criteria, including that "defendant suffers from a mental disorder" and that the "mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(1)(A), (B).)

Defendant urged retroactive application of section 1001.36, and the California Supreme Court has now decided the issue, confirming retroactive application to cases not yet final when the statute took effect, and providing for a limited remand for the trial court to conduct a mental health diversion eligibility hearing. (*People v. Frahs* (2020) 9 Cal.5th 618.)

Because defendant's case is not yet final and the record affirmatively discloses that defendant appears to meet at least one of the section 1001.36 eligibility requirements (a recent, qualifying mental disorder diagnosis), we will direct the trial court to retroactively apply the provisions of section 1001.36 as though the statute existed at the time defendant was initially charged.

B

At defendant's request, we also asked the parties to file supplemental briefing addressing defendant's ability to pay the imposed fines, fees and assessments. Defendant relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas).* In that case the court held it was improper to impose a restitution fine and court operations and facilities assessments without first determining the defendant's ability to pay. (*Id.* at pp. 1168, 1172.) Some courts have subsequently criticized *Dueñas*'s legal analysis. (See, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946.)

Our review of the record indicates the trial court considered defendant's ability to pay at sentencing. It expressly found that defendant had an inability to pay the mandatory $10 fine required by section 1202.5, and it informed defendant that because he

4

is indigent, counsel would be appointed to represent him on appeal, but it nevertheless imposed the restitution fines and assessments with an understanding of defendant's ability to pay. Defendant's *Dueñas* challenge lacks merit.

Having undertaken an examination of the entire record and having reviewed the supplemental briefing, we have found no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is conditionally reversed and the cause is remanded to the trial court with directions to conduct a mental health diversion eligibility hearing consistent with *People v. Frahs, supra*, 9 Cal.5th 618. If the trial court determines defendant qualifies for diversion under section 1001.36, then the court may grant diversion. If defendant successfully completes diversion, then the trial court shall dismiss the charges. However, if the trial court determines that defendant is ineligible for diversion, or defendant does not successfully complete diversion, then his conviction and sentence shall be reinstated. The judgment is otherwise affirmed.


                                          /S/
                                 MAURO, J.


We concur:


    /S/
HULL, Acting P. J.


    /S/
MURRAY, J.